ABILA *et al.*, EXECUTORS, ETC., PETITIONERS AND RESPONDENTS, *v.* PADILLA *et als.*, CONTESTANTS AND APPELLANTS.

WHERE a will is contested, and the Probate Court frames issues and sends them to the District Court, where the issues are tried by a jury, and the verdict is certified back to the Probate Court: *Held*, that the Probate Court has the power, under the thirty-fifth section of the Estate Act, to tax the costs accruing in the District Court to the unsuccessful party; but that the bill of such costs must be filed in the Probate Court within the statutory time after the verdict was certified to that Court, and that the failure so to file the bill of costs operated as a waiver thereof, and that Court had no power to render judgment therefor.

The Practice Act applies to such cases.

APPEAL from the Probate Court of Los Angeles.

Defendants contested in the Probate Court the will of Juan Abila, deceased. Certain issues of fact relative to the will were framed by the Probate Court and sent to the First District Court for Los Angeles county for trial. The issues were tried before a jury, and on the twenty-seventh of April, 1859, a verdict was rendered sustaining the will, and on the same day a bill of the costs incurred on the trial was filed in the District Court. April 29th, 1859, judgment was rendered against the contestants for the amount of the cost bill, $1,212.55, and also for thirty-four dollars and fifty cents costs accruing for the certificate of the verdict, etc., then made to the District Court.

On the twenty-third of May, 1859, the Probate Court, upon the certificate of the proceedings in the District Court, admitted the

Abila *v.* Padilla.

will to probate without allowing costs. The contestants appealed to the Supreme Court from this judgment for costs, and from the order admitting the will to probate. The order was affirmed, and the judgment reversed—the respondents confessing error. The remittitur was filed in the Probate Court, January 16th, 1860, and on the same day respondents also filed in said Court the bill of costs for $1,212.55 before filed in the District Court, together with a petition praying for the allowance of said costs, and also the costs incurred in the Supreme Court on the appeal from the order admitting the will to probate. The Probate Court gave respondents judgment for the costs as prayed for. Defendants appeal.

*Scott & Lander,* for Appellants, to the point that respondents were not entitled to costs, because they failed to file a cost bill in the Probate Court within the statutory time, cited Estate Act, sec. 293 ; Pr. Act, sec. 510 ; Bouv. Law Dic. tit. Costs.

*George Cadwalader,* for Respondents.

I. No appeal lies from the judgment under section two hundred and ninety-seven of Estate Act. (*Peralta* v. *Castro,* 15 Cal. 511.)

II. It was proper after the Supreme Court had affirmed the will, and before the estate was out of the jurisdiction of the Probate Court, for that tribunal to order (under section thirty-five of the Estate Act) the contestant to pay the expenses of the contest.

III. The determination of the Court that the will was valid was under the twenty-fourth section ; the matter of costs is independent of it, under the thirty-fifth section.

IV. The verdict of the jury and judgment thereon were entered in the District Court on the twenty-ninth of April, 1859, and on the same day the cost bill was there filed. In the Probate Court the cost bill was filed at the time application was made for the judgment. In either event the statute was satisfied. (*Chapin* v. *Broder,* 16 Cal. 403.)

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

Abila *v.* Padilla.

This is an appeal from a judgment rendered by the Probate Court of Los Angeles county for costs. The proceeding in which the costs were incurred was a contest in relation to the probate of a will. Issues were framed and sent to the District Court for trial, and the costs accrued in that Court. The issues were tried by a jury, and a bill of costs was filed immediately after the rendition of the verdict. The verdict was certified to the Probate Court on the thirtieth of April, 1859, and on the twenty-third of May, 1859, an order was entered admitting the will to probate. The bill of costs was filed in that Court on the sixteenth of January, 1860, and the judgment appealed from was thereupon rendered for the amount.

Our opinion originally was that the bill of costs was not filed in time, and upon further consideration we are satisfied of the correctness of that opinion. We have carefully considered the points made on the rehearing, and see nothing in them inducing a conclusion different from that previously attained. Under the thirty-fifth section of the act relating to the estates of deceased persons, the Probate Court had authority to tax the costs to the unsuccessful parties; but it was necessary that they should be claimed in accordance with the provisions of the Practice Act. The bill of costs should have been filed within the statutory time after the verdict had been certified to the Probate Court, and the failure in that respect operated as a waiver. The provisions of the Practice Act are expressly made applicable in such cases; and to recover the costs of an action or proceeding, these provisions must be pursued.

Judgment reversed and cause remanded.